**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

JONATHAN SCOTT WADE,            :
                                :
                Plaintiff       :
                                :        1:05-CV-93(WLS)
        vs.                     :
                                :
JAMES DONALD, JAMES LANIER,     :
DEWAYNE MATHIS, TERRY SELTZER,  :    **PROCEEDINGS UNDER 42 U.S.C. § 1983**
KAREN DOUGLAS, ERICH WILLIAMS,  :    **BEFORE THE U.S. MAGISTRATE JUDGE**
T. MARSHAL, MRS. HARDEN,        :
FREDRICK GAMMAGE, JANE DOE,     :
JANE DOE,                       :
                Defendants      :
_____

## RECOMMENDATION

*Pro se* prisoner plaintiff **JONATHAN SCOTT WADE,** presently confined at Autry State

Prison in Pelham, Georgia filed the above-styled complaint pursuant to 42 U.S.C. § 1983.

### I. STANDARD OF REVIEW

#### A. 28. U.S.C. § 1915(e)(2)

Because plaintiff sought leave to proceed *in forma pauperis*, the Court is conducting a

review of the instant complaint for frivolity under 28 U.S.C. § 1915(e)(2).  Notwithstanding any

filing fee or portion thereof that might have been paid, a court is required to review prisoner

complaints with a view toward dismissing the complaint or any portions thereof if the complaint:

(1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

monetary relief against a defendant who is immune from such relief.  28  U.S.C. §§ 28 U.S.C.

1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations. *Id.* at 327; *See also Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### B. General Requirements of 42 U.S.C. § 1983

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present. First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, he must allege that the act or omission was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint contains two counts. First, plaintiff states that he was attacked by his roommate. Plaintiff alleges he told defendants about his roommate's threats and said defendants failed to protect plaintiff from the attack. Second, plaintiff alleges that he was denied medical treatment following the attack.

Plaintiff names James Donald, James Lanier, DeWayne Mathis, Terry Seltzer, Karen Douglas, Erich Williams, T. Marshal, Mrs. Harden, Fredrick Gammage and Jane Doe, second shift correctional officer and Jane Doe, third shift correctional officer as defendants.

### III.  DISCUSSION

Under the law of this circuit, prison officials can be liable for exhibiting deliberate indifference to a known danger.  ***Brown v. Hughes***, 894 F.2d 1533, 1537 (11th Cir. 1990). However, the known risk of injury must have been a strong likelihood, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference. ***Edwards v. Gilbert***, 867 F.2d 1271, 1276 (11th Cir. 1989).  *See also **Farmer v. Brennan***, 511 U.S. 825, 114 S. Ct. 1970, 1977-79; 128 L.Ed.2d 811 (1994)(for a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm; to be liable, the prison official must know of and disregard an excessive risk to inmate health or safety).

Further, it is well established that deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment because the denial is tantamount to "unnecessary and wanton infliction of pain."  *See **Estelle v. Gamble***, 429 U.S. 97, 104 (1976).  Although plaintiff has made sufficient allegations to survive frivolity review, he has not set forth sufficient allegations against all of the named defendants.

#### A.  James Donald

A plaintiff cannot prevail under 42 U.S.C. § 1983 based solely on a theory of respondeat superior.  ***Rogers v. Evans***, 792 F.2d 1052, 1058 (11th Cir. 1986); ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080, 1086-87 (11th Cir. 1986).  In order to prevail on a § 1983 claim against a supervisory official, a plaintiff must show that the named defendant was actually involved in, or exercised control or direction over, the alleged constitutional deprivation.  ***Cotton v. Jenne***, 326 F.3d 1352, 1360 (11th Cir. 2003); ***Hartley v. Parnell***, 193 F.3d 1263, 1269 (11th Cir. 1999).  The plaintiff must also allege deprivation of rights by individual employees in their official capacity.  ***Kentucky v.***

3

*Graham*, 473 U.S. 159, 166 (1985); *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1316 (11th Cir. 2000); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir. 1981).

Plaintiff has not demonstrated that James Donald was actually involved in, or exercised control or direction over, the alleged constitutional deprivation in this case.

Therefore, it is the **RECOMMENDATION** of the undersigned that the claim against defendant James Donald be **DISMISSED** and that said party be terminated as a party herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

### B.  Jane Doe defendants

Fictitious party practice is not permitted by the Federal Rules of Civil Procedure or any other statute.  *Weeks v. Benton*, 649 F.Supp. 1297 (S.D. Ala. 1986)(citations omitted).

However, in *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992), the Eleventh Circuit stated that when a plaintiff is proceeding *pro se* he must be "treated with special care." *Id*. at 1215.

Based on this reasoning, the Eleventh Circuit allowed a John Doe defendant to be joined until the *pro se* plaintiff had an opportunity to ascertain the real identity of the defendant.  The court explained.

> It is important to distinguish suing fictitious parties from real parties sued under a fictitious name.  There may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name.  Also, one may be able to describe an individual (e.g., the driver of an automobile) without stating his name precisely or correctly.

> In the case at bar, plaintiff has not adequately described the persons to be sued so that said

4

parties can be identified for service.  Accordingly, the undersigned **RECOMMENDS** that the Jane Doe defendants be **DISMISSED** without prejudice.  Plaintiff may later amend his complaint provided he is able to ascertain the proper names.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 10th day of November, 2005.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh