IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JONATHAN SCOTT WADE, :
:
    Plaintiff, :
:
VS. : CIVIL ACTION FILE NO.
: **1: 05-CV-93 (WLS)**
JAMES L. LANIER, Warden, et al., :
:
    Defendants. :

**RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is defendants' motion for summary judgment. (Tab 12). Plaintiff was notified of the filing and of the importance of presenting evidence countering defendants' motion for summary judgment; however, plaintiff has failed to file any documents whatsoever relative to this motion.[1]

In his complaint, plaintiff alleges that he is entitled to damages for an inmate attack and the resulting alleged ineffective medical treatment he received while at Calhoun State Prison. Defendants are all officials at Calhoun State Prison. Plaintiff states that his roommate at Calhoun State Prison repeatedly threatened him, and that plaintiff personally told the defendants and made repeated requests to be moved away from his roommate. Plaintiff states that on November 1, 2004, his roommate and four other roommates physically attacked him; then the four other inmates held him down while plaintiff's roommate raped him at knifepoint. Plaintiff states he reported the attack, requesting that he be placed in protective custody, and that he be

---

[1]The undersigned also notes that plaintiff has failed to prosecute this action in any way since filing it in July of 2005 which was filed concurrently with a motion for the appointment of counsel.

taken for medical treatment. Plaintiff states he was eventually placed in administrative segregation for refusing to be locked in his cell, but was not taken to medical. Plaintiff states he made repeated requests to be taken to medical over the course of the next several days, but was never seen by medical. Plaintiff states in his complaint that he was eventually examined in April of 2005, and was also placed under Mental Health care.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to

establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Inmate Attack*

It is well settled that a prison inmate has a constitutional right to be protected from the constant threat of violence and from physical assault by other inmates. Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir.1981). *See also* Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir.1984) (per curiam). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. " 'In order to state a § 1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature.' " Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.1982) (quoting Wright v. El Paso County Jail, 642 F.2d 134, 136 (5th Cir.1981), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)).

Under Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994) and its progeny, a prison official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm

3

and disregards that risk by failing to take reasonable measures to abate it. A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendations, cannot be condemned as the infliction of punishment for Eighth Amendment purposes. Farmer, 511 U.S. at 838. Merely negligent failure to protect an inmate from attack does not justify liability under section 1983. Davidson v. Cannon, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

Therefore, plaintiff must show that defendants had knowledge that plaintiff's roommate posed a "substantial risk of serious harm" to plaintiff. Farmer, 511 U.S. at 828. The known risk of injury must be a "strong likelihood, rather than a mere possibility, before a guard's failure to act can constitute deliberate indifference." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990).

According to the affidavits of defendants Karen Douglas and Dwayne Ayers, plaintiff did not notify anyone that another inmate had made threats against plaintiff. Plaintiff did not inform defendants that he was in danger from his roommate, and at no time did plaintiff request Protective Custody from his roommate. (Exhibits A and B, doc. 13). As plaintiff has failed to counter the evidence presented by defendants, or otherwise respond to their motion for summary judgment, it appears that all defendants are entitled to summary judgment on this issue.

***Deliberate Indifference to a Serious Medical Need***

4

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). However, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations." <u>Harris</u>, 941 F.2d at 1505. It must involve the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." <u>Helling v. McKinney</u>, 509 U.S. 25 (1993). Knowledge of the medical need alleged or circumstances clearly indicating the existence of such need is essential to a finding of deliberate indifference. <u>Hill v. Dekalb Regional Youth Detention Center</u>, 40 F.3d 1176, 1191 (11th Cir. 1994), quoting <u>Horn ex rel. Parks v. Madison Co. Fiscal Court</u>, 22 F.3d 653, 660 (6th Cir. 1994), cert. denied, 513 U.S. 873 (1994). In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. "It is......true that when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." <u>McElligott v. Foley</u>, 182 F.3d 1248, 1256-1257 (11th Cir. 1999).

A medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Hill v. Dekalb Reg'l Youth Det. Ctr.</u>, 40 F.3d 1176, 1187 (11th Cir.1994) (quotation marks and citation omitted).

Defendants have provided an affidavit (exhibit B, doc. 13) stating that plaintiff was provided

with necessary medical care when needed, and that a review of plaintiff's medical records do not "indicate any serious medical problems." While the evidence submitted by defendants is not overwhelming, it does provide enough to pierce the pleadings. It is therefore incumbent upon plaintiff to provide some evidence in support of his allegations. As plaintiff has failed to respond to this motion or to have any documentation or other evidence in the record other than his original complaint, it appears to the undersigned that defendants are entitled to summary judgment on this issue as well.

Consequently, it is the RECOMMENDATION of the undersigned that defendants' motion for summary judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 21st day of February, 2007.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd